## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re | ) | |
| | ) | |
| **SANDER STAGMAN**, | ) | Case No. 15 C 2917 |
| | ) | |
| Debtor. | ) | |

## MEMORANDUM ORDER

Although this action was filed on April 2, 2015, debtor's counsel has ignored the explicit directive of this District Court's LR 5.2(f) that requires the delivery of a paper copy of every filing for the assigned judge's use within one business day after filing.[1] To underscore the importance of that requirement to the case management procedures followed by this Court, the first paragraph in its website repeats the requirement, adding that a delivery to this Court's chambers on the date of filing, if possible, would be appreciated (although such earlier delivery is not essential).

Despite the literal one-business-day requirement of LR 5.2(f), this Court has customarily allowed a grace period -- typically at least a week in a newly-filed conventional civil case[2] -- before the issuance of this type of memorandum order. But a bankruptcy appeal such as this case is different, because the filing of a complaint in the conventional civil case does not call for judicial action until a defendant is served with process and is allowed a few weeks to file a

---

[1] In an effort to monitor compliance with that requirement (which has regrettably not always been adhered to by lawyers), both this Court's secretary and its courtroom deputy maintain lists of all deliveries by counsel to this Court's chambers. Although that recordkeeping is intended to be error-free, if counsel here were to establish that what is said in this memorandum order is in error, the sanction called for by this memorandum order will of course be rescinded.

[2] That grace period varies somewhat from case to case, the result of this Court's obtaining the Clerk's Office printouts reflecting new case filings only sporadically rather than on a regular (say weekly) basis.

responsive pleading, while the bankruptcy appellant needs to assemble a record and communicate with the appellee and the court about procedure and timing. Accordingly this Court hereby orders:

1.     that the missing copies of the notice of appeal and any other initially relevant documents be delivered to this Court's chambers forthwith,

2.     that such delivery be accompanied by a check for $100 payable to the "Clerk of the District Court" by reason of the LR 5.2(f) violation, a requirement foreshadowed by the opening provision in this Court's website, and

3.     that this action is set for an initial status hearing at 9 a.m. April 20, 2015.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date:  April 7, 2015

---

[3]  Debtor's counsel is also ordered to transmit copies of this memorandum order to all parties in interest.