IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re                              )
                                   )
**SANDER STAGMAN**,                )    Case No. 15 C 2917
                                   )
            Debtor.                )

## MEMORANDUM ORDER

Because one of this Court's regular perusals of ECF filings at the beginning of this month listed two bankruptcy appeals, this Court issued an April 7 sua sponte memorandum order in this case -- not only because of the noncompliance by counsel for debtor Sander Stagman ("Stagman") with the explicit directive of this District Court's LR 5.2(f) that requires the delivery of a paper copy of every filing for an assigned judge's use within one business day after filing, but also because this Court regularly sets very early status hearings in bankruptcy appeals to apprise counsel of the labor-saving approach that it takes to the briefing process in such appeals. But counsel for bankrupt Stagman did not appear in court on the designated April 20 status hearing date -- only counsel for Beverly Bank and Trust Company, N.A. ("Beverly") came to court, and he advised that he planned to submit a threshold motion to dismiss the appeal.

That Motion To Dismiss ("Motion") has indeed been filed with a designated April 23 presentment date, and Beverly's counsel has delivered a paper copy to this Court's chambers as called for by LR 5.2(f). In brief the Motion sets out the jurisdictional requirement established by Fed. R. Bankr. P. ("Rule") 8002 for interlocutory appeals such as the one at issue here, under which a notice of appeal must be filed in the Bankruptcy Court within 14 days after entry of the Bankruptcy Court's order sought to be reviewed. In this instance:

1. On April 1 the Bankruptcy Court, while granting Stagman's motion to extend the automatic stay (see 11 U.S.C. § 362) as to all other creditors, entered an order that terminated the stay as to Beverly alone on April 6 to allow it "to proceed with foreclosure, eviction, or any other action to preserve and enforce its rights with regard to the property commonly known as 10221 S. Western Avenue, Chicago, IL 60643."

2. On the same April 1 date Stagman filed a notice of appeal together with a motion for leave to proceed with that interlocutory appeal.

3. With the April 1 order from which Stagman is seeking review having been entered on the Bankrupty Court's docket on April 3, Rule 8002(a)(1) allowed Stagman just 14 days -- until April 17 -- to file his notice of appeal with the Clerk of the Bankruptcy Court. But he did not do so.

That failure clearly appears to have deprived this Court of subject matter jurisdiction (In re Salem, 465 465 F.3d 767, 774 (7th Cir. 2006); see also In re Bond, 254 F.3d 669, 673 (7th Cir. 2001) and In re Schultz Mfg. Fabricating Co., 956 F.2d 686, 689 (7th Cir. 1992), both cited in Salem). This memorandum order is therefore being issued in advance of Beverly's designated April 23 presentment date, both (1) to apprise Stagman's counsel of the steep hill that he must climb to avoid dismissal and (2) to spare him the burden (which will be rendered moot if jurisdiction here is indeed lacking) of assembling the necessary documents in connection with Stagman's putative appeal.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 21, 2015